FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 26 2013

JAMES W. McCORMACK, CLERK
By: _____
                          DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PATRICK M. FAGAN AND
REGINA A. FAGAN                                         PLAINTIFFS

VS.                     CASE NO. 4:13cv0377-JLH

F & L ANDERSON HAULING, INC.,
HERBERT D. ANDERSON, AND
JOHN DOES 1-5                                           DEFENDANTS

This case assigned to District Judge _____
and to Magistrate Judge _____

## COMPLAINT

Comes now the Plaintiffs, Patrick M. Fagan and Regina A. Fagan, by and through their attorney, Todd L. Griffin of Law Offices of Todd Griffin, PLLC, and for their cause of action against the Defendants, states:

### I. STATEMENT OF JURISDICTION

1. This claim is brought pursuant to this Court's jurisdiction resulting from diversity of citizenship as to the parties to this action, with the amount in controversy exceeding the value of $75,000.00, pursuant to 28 USC 1332. In addition, this Court has personal jurisdiction over all of the named defendants.

2. Venue is proper in that all of the defendants reside in this District and Division of this Court in Arkansas.

### II. PARTIES TO THE CLAIM

3. At the time of the incident described herein, Plaintiffs were residents of Lawrence, Kansas.

4. Defendant F & L Anderson Hauling, Inc. is an Arkansas Corporation, which is licensed to do business and is doing business in Arkansas. Its registered

agent for service is Larry M. Anderson, 1252 Anderson Road, Lonoke, 72086.

5. Defendant Herbert D. Anderson is a resident of Lonoke, Lonoke County, Arkansas, and can be served at his residence located at 90 Ellenburg Lane, Lonoke, AR 72086.

6. John Doe is any other entity which employed Herbert D. Anderson on 6/30/2011, at the time of the collision in Illinois, and which owed the 2001 International truck (VIN#1HTSCAAL11H361659) being driven by Defendant Herbert D. Anderson during the course and scope of his employment with any such John Doe entity at the time of collision in Illinois on 6/30/2011. The John Doe Affidavit of attorney Todd Griffin is attached hereto as Exhibit A.

7. At all times relevant to this action, Defendant Herbert D. Anderson was acting within the scope of his duty as an agent and employee of Defendant F & L Anderson Hauling, Inc. and/or any other entities (John Does identified above) as of June 30, 2011, the date of the Illinois collision at issue in this lawsuit.

III. STATEMENT OF THE CASE

8. On June 30, 2011, at approximately 11:34 a.m., Plaintiff Regina A. Fagan was operating a 2008 Toyota Avalon, with Plaintiff Patrick M. Fagan (registered owner of the vehicle) as a passenger, south on I-57 in Franklin County, Illinois. At said time and place, Plaintiff Regina A. Fagan had been driving in a construction zone for a period of time when she had to slow for very heavy traffic. At said time and place, Defendant Herbert D. Anderson was acting within the scope of his duty as an agent and employee of Defendant F & L Anderson Hauling, Inc., or any other entities (John Does identified above), was operating a 2001 International truck

(VIN#1HTSCAAL11H361659), owned by Defendant F & L Anderson Hauling, Inc., or any other entities (John Does identified above), and was travelling directly behind the vehicle operated by Plaintiff Regina A. Fagan.  While Plaintiff Regina A. Fagan was slowing for the heavy traffic in the construction zone, Defendant Herbert D. Anderson carelessly and negligently proceeded forward and collided with the rear of Plaintiffs' vehicle in disregard of the rights and safety of others.

9. Defendant Herbert D. Anderson, was guilty of negligence, with that negligence being imputed to Defendant F & L Anderson Hauling, Inc., or any other entities (John Does identified above), and which was the proximate cause of the above described incident and Plaintiffs' resulting damages in the following particulars:

(a) in failing to keep a proper lookout;

(b) in failing to keep the vehicle he was driving under proper control;

(c) in driving the said vehicle at a speed greater than was reasonable and prudent under the circumstances then existing;

(d) in failing to exercise ordinary care for his own safety and for the safety of others using the roadway;

(e) in failing to take proper evasive action to avoid a collision;

(f) in driving in a reckless manner; and

(g) in following too closely in violation of law.

10. As a further result of all of the above, Plaintiffs have incurred expenses for medical care and attention.  These expenses were incurred for the necessary care and treatment of the injuries resulting from the instant complaint.  These charges are reasonable and were the usual and customary charges made for such services. All medical bills of Plaintiff, whether paid by a third party, or not, are admissible, pursuant

to an opinion by the Supreme Court of Arkansas declaring Act 649 unconstitutional. Specifically, in the case of Darrell Johnson et al. vs. Rockwell Automation, Inc. et al, Case No. 08-1009, in an opinion delivered on April 30, 2009, the Supreme Court of Arkansas ruled that the provisions of Act 649 of 2003 that address evidence of damages for the costs of necessary medical care, treatment or services, violate the Arkansas Constitution.

11. As a proximate result of the negligence and recklessness of Defendant Herbert D. Anderson, which negligence is imputed to Defendant F & L Anderson Hauling, Inc., or any other entities (John Does identified above), Plaintiffs sustained severe injuries.

12. Plaintiffs claim they are entitled to recover for the following damages, all of which were proximately caused by the negligence of the Defendant Herbert D. Anderson, which negligence is imputed to Defendant F & L Anderson Hauling, Inc., or any other entities (John Does identified above):

    (a) damages for emotional distress suffered by Plaintiffs after the injury and continuing through the present;

    (b) damages for pain and suffering visited upon the Plaintiffs due to their injuries in the past and reasonably certain to be experienced in the future;

    (c) compensatory damages to plaintiffs for the reasonable expenses of any necessary medical care and treatment received and the present value of any medical expenses reasonably certain to be required in the future;

    (d) damages for the nature, extent, duration and permanency of any injuries sustained by plaintiffs;

    (e) damages for any scars, disfigurement and/or visible result of Plaintiffs' injuries;

 (f) damages for the difference in the fair market value of Plaintiffs' vehicle immediately before and immediately after the collision of 6/30/2011, plus a reasonable amount for loss of use; and

 (g) damages for any out of pocket expenses incurred by plaintiffs.

13. Plaintiff's total compensatory damages shall be proved by the evidence presented at trial and are in excess of any minimum jurisdictional requirements of this Court.

14. Plaintiffs respectfully demand a trial by jury.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, Herbert D. Anderson, Defendant F & L Anderson Hauling, Inc., or any other entities (John Does identified above), in the sum in excess of any minimum jurisdictional requirements of this Court; post judgment interest where applicable; court costs, attorney fees and for all other relief to which Plaintiffs may be entitled.

Respectfully submitted,

LAW OFFICES OF TODD GRIFFIN, PLLC

/s/ Todd L. Griffin
Todd Griffin, AR Bar No. 91064
Plaza West Building
415 North McKinley, Ste. 1000
Little Rock, AR 72205
Phone: (501) 975-6655
Fax: (501) 975-6657

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PATRICK M. FAGAN AND
REGINA A. FAGAN

                                                                PLAINTIFFS

VS.                    CASE NO._____

F & L ANDERSON HAULING, INC.,
HERBERT D. ANDERSON, AND
JOHN DOES 1-5                                    DEFENDANTS

## AFFIDAVIT

Comes now the Affiant, Todd L. Griffin, as attorney for Plaintiffs, Patrick M. Fagan and Regina A. Fagan, and hereby states under oath:

(1)   I am an adult citizen and resident of the State of Arkansas and the testimony I am about to give is true and correct based upon my personal knowledge and belief and has been obtained in furtherance of my representation of the Plaintiffs, Patrick M. Fagan and Regina A. Fagan.

(2)   Plaintiffs, Patrick M. Fagan and Regina A. Fagan, sustained personal injuries in a motor vehicle accident, with a vehicle driven by Defendant Herbert D. Anderson, in Illinois on June 30, 2011.

(3)   Upon information and belief, based on the Illinois Motorist Report, F & L Anderson Hauling, Inc. was the employer of Defendant Herbert D. Anderson at the time of the collision of 6/30/2011, and was the owner of the 2001 International truck (VIN#1HTSCAAL11H361659) which was the vehicle being driven by Defendant Herbert D. Anderson. In addition, Defendant Herbert D. Anderson was acting within the course



and scope of his employment with Defendant F & L Anderson Hauling, Inc. at the time of collision of 6/30/2011.

(4) John Doe is any other entity which employed Herbert D. Anderson on 6/30/2011, at the time of the collision in Illinois, and which owed the 2001 International truck (VIN#1HTSCAAL11H361659) being driven by Defendant Herbert D. Anderson during the course and scope of his employment with any such John Doe entity at the time of collision of 6/30/2011.

FURTHER AFFIANT SAYETH NOT.

IN WITNESS WHEREOF, I hereunto set my hand this 24th day of June, 2013.

_____
Todd U. Griffin

Subscribed and sworn to before me this 24th day of June, 2013.

_____
Notary Public

My Commission Expires: _____

CHERIE L MARTIN
PULASKI COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires October 04, 2019
Commission No. 12373233